[See Case No. 17,637.]

## Case No. 17,637.

WILBUR v. WILSON et al.

[2 Wkly. Notes Cas. 496.]

Circuit Court, E. D. Pennsylvania.  April 27, 1876.

BANKRUPT ACT, § 14—MESNE AND FINAL PROCESS —ATTACHMENT EXECUTION.

Attachment execution in Pennsylvania is final process, and, as such, is not dissolved by § 14 of the bankrupt act [of 1867 (14 Stat. 522)].

[This was a bill in equity by one Wilbur, assignee in bankruptcy of the Glen Iron Works, against Wilson and others, to enjoin further proceedings in an attachment suit in the state court of common pleas.]

Sur demurrer to bill. The bill filed by the assignee in bankruptcy of the Glen Iron Works set forth that in March, 1875, the corporation known as the Glen Iron Works was adjudged a bankrupt. In 1870 a judgment note had been executed by the Glen Iron Works to the defendants for $25,000, upon which judgment was entered up in the court of common pleas of Lehigh county in 1871.

In January, 1875, the defendants procured a writ of attachment execution to be issued upon this judgment, whereby all the mines, goods, debts, etc., of the Glen Iron Works, in the hands of certain persons named in the writ, were attached. The bill further averred that this property was attached in violation of the 14th section of the bankrupt act, which provided that the assignment of the bankrupt to the assignee in bankruptcy "shall relate back to the commencement of said proceedings in bankruptcy, and thereupon by operation of law, the title to all such property and estate, both real and personal, shall vest in said assignee, although the same is then attached on mesne process as the property of the debtor, and shall dissolve any such attachment made within four months next preceding the commencement of said proceedings." The bill prayed for an injunction against proceeding further with the attachment suit, and that the latter be dissolved. The defendants demurred to the bill.

P. K. Erdman, R. E. Wright, Jr., and C. M. Runk, for the demurrer, were not called on.

W. D. Luckenbach and H. Green, contra.

Mesne process issues pending the suit upon some collateral interlocutory matter. It is any process before the end of a suit. 3 Bl. Comm. 299; 2 Bouv. Law Dict. 387. An attachment execution under the state law is an attachment upon mesne process under the bankrupt act. Bank v. Bank, 23 Pick. 488; Ex parte Foster [Case No. 4,960]. The attachment under our act only differs from the Massachusetts law in not giving the goods of the garnishee into the possession of the sheriff, and the latter was recognized by the supreme court of the United States as an attachment upon mesne process. Peck v. Jenness, 7 How. [48 U. S.] 622. Nor have attachments in other states been held to be other than mesne process. Miller v. Bowles, 58 N. Y. 253; Marshall v. Knox, 16 Wall. [83 U. S.] 552. Our attachment execution is in the nature of commencing an original suit against a third person. It is served as a summons, and under it the sheriff has no authority to take the goods in execution. It is simply a conditional and provisional lien, and differs radically in its effects and nature from the writ of fieri facias. Purd. Dig. 639, § 42; Ogilsby v. Lee, 7 Watts & S. 445; Bancord v. Parker, 15 Smith [65 Pa. St.] 337; Campbell, Bredin & Co.'s Appeal, 8 Casey [32 Pa. St.] 92; Landis v. Lyon, 21 Smith [71 Pa. St.] 475; Patten v. Wilson, 10 Casey [34 Pa. St.] 299; Myers v. Baltzell, 1 Wright [37 Pa. St.] 491; Kase v. Kase, 10 Casey [34 Pa. St.] 130.

THE COURT (McKENNAN, Circuit Judge, and CADWALADER, District Judge,) sustained the demurrer with leave to the complainant to withdraw or amend his bill without prejudice, saying, that attachment exe-

cution in Pennsylvania was a means given to the creditor of obtaining satisfaction of his debt at a final stage of the suit, and that in its nature it was an execution intended to accomplish the same result as a writ of fieri facias, and was not therefore dissolved under section 14 of the bankrupt act.

[See Case No. 17,636.]